UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60548-CIV-COHN/SELTZER

CHRISTINE W. TROOP,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

<u>REPORT AND RECOMMENDATION TO DISTRICT JUDGE</u>

THIS CAUSE is before the Court upon Defendant's Motion for Remand (DE 7) and Memorandum in Support (DE 8) and was referred to United States Magistrate Judge Barry S. Seltzer pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.

On April 16, 2007, Plaintiff Christine W. Troop filed a Complaint seeking review of the final decision of the Commissioner denying her disability benefits under Title II of the Social Security Act (DE 1). Before answering the Complaint, on November 13, 2007, the Commissioner filed the instant Motion for Remand (DE 7).[1]

The Commissioner seeks a remand under sentence six of 42 U.S.C. § 405(g) for the purpose of locating Plaintiff's missing claim file and hearing tape; if the search is unsuccessful, the Commissioner will remand the case to an Administrative Law Judge to

---

[1] In the Motion, the Commissioner states that Plaintiff indicated that he objects to a Remand. However, Plaintiff has failed to file any opposition to the instant Motion, and his time for doing so has passed.

reconstruct the administrative record, to hold a new hearing, and issue a new decision. Sentence six provides in pertinent part: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commission. . . ." In reporting upon the Social Security Disability Amendments of 1980, the Joint Conference Committee of Congress stated that in some cases procedural difficulties, such as a lost file, necessitate a remand:

> Such a situation is an example of what could be considered "good cause" for remand. Where, for example the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record. . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Under sentence six, the court may remand without making any substantive ruling as to the correctness of the Commissioner's decision . . . ." Melkonyan v. Sullivan, 501 U.S. 89, 100, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991). And "the district court does not issue a final decision; instead the remand is considered interlocutory with the district court retaining jurisdiction over the case." Longey v. Sullivan, 812 F. Supp. 453, 456 (D. Vt. 1993) (citing Melkonyan, 501 U.S. at 99, 111 S.Ct. at 2163).

The undersigned having considered the record in this cause and finding good cause for a remand, it is hereby RECOMMENDED that the Commissioner's Motion for Remand (DE 7) be GRANTED and that this cause be REMANDED to the Commissioner to permit him to locate or reconstruct Plaintiff's claim file. It is further RECOMMENDED that the

Commissioner be directed to apprise the Court of the status of the case upon completion of the administrative proceedings.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the district judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 4th day of December 2006.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Court

All counsel of record